Daniel S. Szalkiewicz, Esq. (DS2323)
DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
23 WEST 73RD STREET
SUITE 102
NEW YORK, NEW YORK 10023
*Attorneys for Plaintiff Jaiya Webbs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Jaiya Webbs<br><br>Plaintiff,<br><br>v.<br><br>Brandon Elliott Green,<br><br>Defendant. | **COMPLAINT**<br><br>Case Action No. 24-7763 |

Plaintiff JAIYA WEBBS ("Plaintiff" or "JAIYA WEBBS"), by her attorneys DANIEL SZALKIEWICZ & ASSOCIATES, P.C., as and for her Complaint hereby alleges, upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff and defendant Brandon Elliott Green ("Green" or "Defendant") share one child.

2. In August 2023, Plaintiff decided to separate from Defendant. Since then, Defendant has engaged in fits of anger and revenge toward Plaintiff.

3. Between May 19, 2024 to May 23, 2024, Defendant posted three intimate videos of Plaintiff on his Twitter and Reddit accounts without Plaintiff's permission or consent.

1

4. Accordingly, Plaintiff brings this action seeking injunctive, declaratory, and monetary relief against Defendant for violations of 15 U.S.C. § 6851 and New Jersey's nonconsensual pornography statutes, New Jersey's invasion of privacy statute, and the intentional infliction of emotional distress.

## THE PARTIES

5. Plaintiff JAIYA WEBBS is a resident of the County of Union, State of New Jersey.

6. Defendant Brandon Elliott Green is a resident of the County of Philadelphia, State of Pennsylvania.  Defendant Green's last known address is 1409 N. 75th Street, Philadelphia, PA 19151.

## JURISDICTION AND VENUE

7. This action is brought pursuant to 28 U.S.C. § 1332(a)(1) based upon Diversity of Citizenship because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and it is between a citizen of New Jersey and a citizen or subject of a different state.

8. This action is also brought pursuant to 28 U.S.C. § 1331, federal question, pursuant to 15 U.S.C. § 6851.

9. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391, as the District of New Jersey is the Judicial District in which Plaintiff resides.

## FACTUAL ALLEGATIONS

**Background**

10. The parties were in a relationship and share a child.

11. After Plaintiff ended the relationship, Defendant created several fake X accounts to spy on Plaintiff.

12. On May 19, 2024, using his X account "markstyree85" Defendant directed his X friends to "follow my Reddit for my photo dump" of Plaintiff:



13. Four days later, on May 23, 2024, Defendant, apparently upset with Plaintiff, posted on his X account "If I give u everything and u leave me with nothing best believe we enemies… And now it's time for the gloves to come off" followed by a link to his Reddit page:



3

14. Defendant posted on his Reddit account, under the username "Key_Net3228[,]" three intimate visual depictions of Plaintiff on the Reddit pages r/EbonyThroatQueens and r/Philly.

15. The first intimate visual depiction of Plaintiff was a video that showed her full face as she performed fellatio on a man. The second intimate visual depiction of Plaintiff, entitled "Shower time[,]" was a video of Plaintiff nude in the shower. The third intimate visual depiction was another video of Plaintiff performing fellatio.

16. To ensure Plaintiff was aware of his harassment, Defendant sent her text messages directing her to view his Twitter account.

17. Plaintiff followed the link sent to her by Defendant and was horrified to see that Defendant had uploaded her the intimate online.

18. Plaintiff never provided Defendant with her permission or consent to upload the content and believes he is only doing so now in retaliation for her ending their relationship.

**FIRST CAUSE OF ACTION**
**(Violation of 15 USC § 6851)**

19. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

20. Defendant Green disclosed the videos of Plaintiff using his cell phone/computer.

21. Defendant Green did not obtain Plaintiff's consent to disclose the videos.

22. Defendant Green knew Plaintiff did not consent to the disclosure of the content online.

23. As a result of Defendant Green's conduct, Plaintiff has been damaged.

24. Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant Green from disseminating the content, and such other relief as the Court deems equitable and just.

**SECOND CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**

25. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

26. Defendant Green has engaged in the intentional, extreme, and outrageous conduct of possessing and disseminating Plaintiff's intimate visual depictions.

27. Defendant Green engaged in such behavior knowing his decision to do so would have irreversible, lifelong consequences for Plaintiff and her mental well-being.

28. Defendant Green's conduct was so extreme in degree and so outrageous in character that it goes beyond all possible bounds of decency.

29. Defendant Green's sole purpose in sharing the intimate visual depictions was to harass and/or embarrass Plaintiff and cause her harm.

30. Defendant Green intended to cause severe emotional distress or recklessly disregarded the likelihood that such conduct would tend to cause severe emotional distress. Such outrageous behavior is beyond the limits of decency and is intolerable in a civilized society.

31. As a direct and proximate result of Defendant Green's conduct, Plaintiff suffered severe emotional distress.

32. Defendant Green acted with the intent to cause severe emotional distress, or alternatively, disregarded the substantial probability that her actions would cause severe emotional distress.

33. Here, the acts of Defendant Green were so egregious and were done so clearly with malice and/or reckless indifference in the face of a perceived risk that his actions would harm Plaintiff's reputation and mental well-being, that, in addition to all the damages inflicted upon Plaintiff and in addition to all the measure of relief to which Plaintiff may properly be entitled herein, Defendant Green should also be required to pay punitive damages to punish him for his reckless conduct in the further amount greater than the jurisdictional limit of all lower courts to be determined by the trier of fact, in order to deter him and others similarly situated from engaging in such conduct in the future.

34. Plaintiff demands judgment against Defendant Green in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant Green for his willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**THIRD CAUSE OF ACTION**
(**Violation of N.J.S.A. 2A:58D-1**)

35. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

36. New Jersey Statute 2A:58D-1 states:

      a. An actor who, in violation of section 1 of P.L.2003, c. 206 (C.2C:14-9), photographs, films, videotapes, records, or otherwise reproduces in any manner, the image of another person who is engaged in an act of sexual penetration or sexual contact, the exposed intimate parts of another person, or the undergarment-clad intimate parts of another person shall be liable to that person, who may bring a civil action in the Superior Court.

      b. An actor who, in violation of section 1 of P.L.2003, c. 206 (C.2C:14-9), discloses any photograph, film, videotape, recording or any other reproduction of the image of another person who is engaged in an act of sexual penetration or sexual contact, the exposed intimate parts of another person, or the undergarment-clad intimate parts of another person shall be liable to that person, who may bring a civil action in the Superior Court. For purposes of this section: (1) "disclose" means sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, publish, distribute, circulate, disseminate, present, exhibit, advertise , offer, share, or make available via the Internet or by any other means, whether for pecuniary gain or not; and (2) "intimate parts" has the meaning ascribed to it in N.J.S.2C:14-1.

      c. The court may award:
(1) actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act;
(2) punitive damages upon proof of willful or reckless disregard of the law;
(3) reasonable attorney's fees and other litigation costs reasonably incurred; and
(4) such other preliminary and equitable relief as the court determines to be appropriate.

      A conviction of a violation of section 1 of P.L.2003, c. 206 (C.2C:14-9) shall not be a prerequisite for a civil action brought pursuant to this section.

37. The intimate visual depictions mentioned above depicts Plaintiff's exposed intimate parts.

38. Defendant Green distributed the intimate visual depictions to various individuals without Plaintiff's permission or consent.

39. Defendant Green has violated New Jersey Statute 2A:58D-1.

40. As a result of Defendant Green's actions, the Plaintiff demands judgment for any actual damages which exceeds the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, together with damages for pain and suffering and

punitive damages, attorney's fees, costs of this litigation and such other relief as the Court deems equitable and just.

## FORTH CAUSE OF ACTION
### (<u>Invasion of Privacy</u>)

41. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

42. By publishing the videos to various third parties, Defendant Green intruded on Plaintiff's physical solitude and seclusion.

43. The videos depict Plaintiff's naked body and show her engaging in sexual acts; accordingly they constitute a public disclosure of private facts.

44. It is clear that Defendant Green has publicly disclosed private facts by sending Plaintiff's intimate visual depictions to third parties.

45. The matter being publicized by Defendant Green – namely Plaintiff's naked body and performing a sexual act – would be highly offensive to a reasonable person and is not of legitimate concern to the public.

46. Defendant violated Plaintiff's New Jersey constitutional right of privacy, in particular, Plaintiff's rights against public disclosure of private facts (e.g., making public private information about plaintiff) and right to solitude, seclusion, or private affairs and concerns.

47. Defendant Green intruded upon and violated the privacy of the Plaintiff knowingly, recklessly, and with malice aforethought when, without Plaintiff's knowledge and consent, she disseminated Plaintiff's highly intimate content.

48. By distributing the videos, Defendant Green sought to embarrass and humiliate the Plaintiff and such embarrassment and humiliation was reasonably foreseeable.

49. By distributing the videos, Defendant Green also sought to harm the reputation of the Plaintiff and such harm from his actions was reasonably foreseeable.

50. As a proximate and direct cause of Defendant Green's actions which violated Plaintiff's rights of privacy, the Plaintiff suffered emotional distress, pain and suffering, and a harm to her reputation.

51. As a result of Defendant Green's actions, Plaintiff demands judgment for any actual damages which exceeds the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, and such other relief as the Court deems equitable and just.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A. An award of damages against Defendant Green in an amount to be determined at trial, but not less than $150,000.00 per intimate visual depiction shared, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her emotional distress;
B. An injunction and order permanently restraining Defendant Green from disseminating Plaintiff's intimate content without her permission or consent;
C. An award of punitive damages, and any applicable penalties and/or liquidated damages in an amount to be determined at trial;
D. Prejudgment interest on all amounts due;
E. An award of costs that Plaintiffs have incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiffs' reasonable attorneys' fees and costs to the fullest extent permitted by law; and
F. Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 15, 2024

Respectfully submitted,

**Daniel Szalkiewicz & Associates, P.C.**
*/s/ Daniel Szalkiewicz*
_____

By:     Daniel S. Szalkiewicz, Esq.
23 West 73rd Street, Suite 102
New York, NY 10023
Telephone: (212) 706-1007
Facsimile: (646) 849-0033
daniel@lawdss.com
*Attorneys for Plaintiff*