**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Jaiya Webbs | |
| Plaintiff, | Case Action No. 24-cv-7763 |
| v. | **Declaration of Daniel S. Szalkiewicz, Esq**. |
| Brandon Elliott Green, | |
| Defendant. | |

DANIEL S. SZALKIEWICZ declares as follows:

1.      I am a partner at the law firm of Daniel Szalkiewicz & Associates, P.C., attorneys for plaintiff Jaiya Webbs ("Webbs" or "Plaintiff") in the above-captioned action.  I submit this declaration in support of Plaintiff's motion for a default judgment.

2.      I have personal knowledge of every statement made in this declaration based on my discussions with Plaintiff and review of the documents and files pertaining to this matter and affirm such statements are true and correct.

3.      I make and submit this declaration in connection with Plaintiff's Motion for Default Judgment against defendant Brandon Elliott Green ("Defendant" or "Green").

4.      Upon information and belief, Defendant is not an infant, in the military or incompetent person.

5.      Plaintiff respectfully submits that the entry of default judgment against Defendant and for this matter to be set down for a trial on damages.


I.      **NATURE OF CLAIMS**

6.      This action is related to Defendant's tortious dissemination of intimate images and videos of Plaintiff without her permission or consent.

7.      Plaintiff and Defendant were once engaged in a romantic relationship and have a child together (DE 1 ¶10).

8.      When Plaintiff broke up with Defendant, he grew upset, posting "If I give u everything and u leave me with nothing best believe we enemies…And now it's time for the gloves to come off" subsequently posting three intimate videos depicting his former romantic partner, Plaintiff (DE 1 ¶¶ 11-13).

9.      The posts were followed by a link to the Reddit page "EbonyThroatQueens" (DE 1 ¶13).

10.     One intimate video depicted Plaintiff's full face as she engaged in a sexual act. Another showed Plaintiff naked in the shower.  The final video depicted Plaintiff engaging in a sexual act.  (DE 1 ¶15).

11.     To ensure Plaintiff was aware of what he had done, Defendant messaged her a link to his X account (DE 1 ¶16).

12.     Plaintiff's complaint contains two causes of action.  Count One is brought pursuant to 15 USC § 6851 for violations of the unlawful disclosure of intimate images statute.

13.      Count Two is for violation of New Jersey's nonconsensual pornography statute.

14.     However, Plaintiff withdraws Count 2.


## II.      BASIS FOR ENTERING A DEFAULT JUDGMENT

15.     Federal Rule of Civil Procedure 55(b) provides for a court-ordered default judgment following the entry of default by the court clerk under Rule 55(a).

16.     On September 16, 2024, Defendant was personally served with a copy of the summons and complaint (DE 3).

17.     On October 10, 2024, a Clerk's Certificate of Default was entered.

18.     To date, Defendant has neither filed an answer with the Court, responded to the Complaint or otherwise formally appeared in this Action.  More so, Defendant has never contacted my office at any time to request an extension of time to appear.

19.     As aforementioned, Plaintiff has complied with Federal Rule of Civil Procedure 55(a).

20.     Therefore, Plaintiff respectfully request that the Court enter default judgment against Defendant.

## III.    DESCRIPTION OF DAMAGES

21.     Plaintiff requests liquidated damages in the amount of  $150,000.00 in damages pursuant to 15 U.S.C. § 6851.

22.     On March 15, 2022, as part of the Violence Against Women Act Reauthorization Act of 2022, Congress enacted 15 U.S.C. § 6851, a federal law that establishes a federal civil cause of action for individuals whose intimate visual images are disclosed in or affecting interstate or foreign commerce without their consent. Under the law, a victim of nonconsensual pornography may recover "actual damages sustained by the individual or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred" 15 U.S.C. § 6851(b)(3)(A)(i).  Plaintiff has actual damages in emotional distress because of Defendant's conduct; however, to not undergo more trauma, she rests on the liquidated damages provision.

### A. As and for Attorney Fees

23.     The statute (*15 U.S.C. § 6851*) allows for an award of attorney fees.

24.     I have been admitted to practice in New York and New Jersey since 2010 and my associate, Cali Madia, has been admitted to practice in New York and Florida since 2013.   Both of us have extensive experience in internet related privacy matters.  We both participate in CLE courses, have been named Rising Stars in "Super Lawyer" magazine, and provide all of our clients with personalized and skilled attention.

25.     I have given lectures throughout the country on internet disclosure actions and the effect revenge porn and nonconsensual disclosure of images have on the law.  Our law firm filed the first lawsuit under the New York City Administrative Code in this area, and we have several ongoing litigations in New Jersey.

26.     This area of law is relatively new, and there are few attorneys who practice in this field.

27.     I have been responsible for reviewing the time records in this case from its inception to the present. I am familiar with the activities that the attorneys and staff have performed in representing the Plaintiff. I am also familiar with the time and cost of those activities.

28.     Attached to this declaration are true and correct copies of time entries for services rendered in this matter by Ms. Madia and myself. These entries represent contemporaneous billing records for this matter. The time entries contain sufficient detail of the task performed to show that the amount of time expended for the work described was reasonable. Moreover, given my role in the case, familiarity with the work performed, and my experience, as further described below, I have personal knowledge that the amount of time expended was reasonable.

29.     Our client initially retained our services on June 25, 2024, when Webbs was still being attacked by defendant.

30.     Our hourly billing rate in 2024 was $500.00 (and has since increased to $600.00).

31.     The following tabulates the hours recorded by each lawyer (as reflected on Exhibit 1) and the average rate billed:

| Attorney | Hours | Average Rate |
|---|---|---|
| Daniel Szalkiewicz | 11.70h | $500.00 |
| Cali Madia | 2.30h | $500.00 |
| **Total** | **14.00** | $500.00 |
| **LODESTAR** | **14.00h** | |

32.     The rates charged by each attorney were the customary and normal rates charged to other clients at the times each of the services was performed. Because our billing rates are based on market conditions, it is my belief that the rates charged by us reflected rates for similarly qualified attorneys in New York and New Jersey.

33.     Both the hours spent by us and the rates charged for those hours are reasonable and were necessary for the representation of Plaintiff in this case. Because the rates and number of hours were reasonable, the total lodestar amount is also reasonable.

34.     Had we not been representing Plaintiff in this matter, our attorneys would have been fully utilized on other billable client work

35.     Based on the annexed invoice, the reasonable amount of time spent on the matter was 13.00 hours for a total award of attorney fees in the amount of $7,000.

36.     Additionally, Plaintiff incurred $726.29 in expenses (Exhibit 2).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: New York, New York
        October 29, 2024

                                        */s/Daniel Szalkiewicz, Esq.*
                                        Daniel S. Szalkiewicz