UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Jaiya Webbs

                Plaintiff,

      v.

Brandon Elliott Green,

                Defendant.

Case Action No. 24-cv-7763


BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO ENTER A DEFAULT JUDGMENT IN
THE AMOUNT OF $150,000


Daniel Szalkiewicz, Esq.
Daniel Szalkiewicz & Associates, PC
23 West 73rd Street, Suite 102
New York, NY 10023
(212) 706-1007
daniel@lawdss.com
*Attorneys for Plaintiff*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT & FACTUAL BACKGROUND ................................................ 4

PROCEDURAL BACKGROUND .................................................................................... 4

ARGUMENT A DEFAULT JUDGMENT SHOULD BE ENTERED ........................................ 4

    A.   Proof of Service ................................................................................................ 5

    B.   Evidence of Jurisdiction .................................................................................... 5

    C.   Plaintiff has Properly Pleaded Several Causes of Action ................................... 6

    D.   The Default Judgment Factors Weigh in Favor of the Judgment ....................... 7

    E.   Damages are Quantifiable and Plaintiff Requests the Liquidated Damages Pursuant to 15 U.S.C.S. § 6851(b)(3)(A)(i) ............................................................................................ 7

CONCLUSION ........................................................................................................... 8

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*S.S. v. Collins*, Civil Action No. 23-0892 (KMW-AMD), 2024 U.S. Dist. LEXIS 135664, at *5
    (D.N.J. July 31, 2024) ............................................................................................ 5, 7

*W. Trenton Hardware, LLC v. Brook. Textiles, LLC*, Civil Action No. 21-17662 (GC) (TJB),
    2024 U.S. Dist. LEXIS 171030, at *15 (D.N.J. Sep. 23, 2024) ................................... 7

*Wilton Reassurance Life Co. of N.Y. v. Engelhardt,* Civil Action No. 21-9968, 2023 U.S. Dist.
    LEXIS 131827, at *4 (D.N.J. July 31, 2023) ....................................................... 4, 5, 7

**<u>Statutes</u>**

*15 U.S.C.S. § 6851(b)(3)(A)(i)* ....................................................................................... 8

*15 U.S.C. § 6851(a)(5)* ................................................................................................... 6

*15 U.S.C. § 6851(b)(1)(A)* .............................................................................................. 7

15 U.S.C. §6851 ............................................................................................................... 6

*18 U.S.C. § 2256(2)(A)-(B)* ........................................................................................... 6

*Fed. R. Civ. PP. 55(b)(2)* ............................................................................................... 4

Plaintiff Jaiya Webbs ("Plaintiff"), by her attorneys, Daniel Szalkiewicz & Associates, P.C., respectfully submits this Memorandum of Law in support of Plaintiff's Motion to enter a default judgment against defendant Brandon Elliott Green ("Defendant" or "Green") and set this matter down for an inquest pursuant to Rules 37 and 55 of the Federal Rules of Civil Procedure ("FRCP").

## PRELIMINARY STATEMENT & FACTUAL BACKGROUND

The parties were once romantically involved and have a child together.  Unfortunately for Plaintiff, upon her ending of the relationship, Defendant sought to retaliate against her by posting three of her intimate videos online without her permission or consent.

Defendant's actions have caused Plaintiff immeasurable pain and humiliation.

## PROCEDURAL BACKGROUND

The procedural background is contained within the annexed Declaration of Daniel S. Szalkiewicz and fully incorporated herein.

## ARGUMENT

## A DEFAULT JUDGMENT SHOULD BE ENTERED

Fed. R. Civ. PP. 55(b)(2) "empowers the Court . . . to enter a default judgment against a defendant that has failed to plead or otherwise defend against a claim for affirmative relief." Prior to entering a default, the Court must determine (1) whether the party seeking default judgment produced sufficient proof of valid service and evidence of jurisdiction, and (2) whether the unchallenged facts present a sufficient cause of action." *Wilton Reassurance Life Co. of N.Y. v. Engelhardt,* Civil Action No. 21-9968, 2023 U.S. Dist. LEXIS 131827, at *4 (D.N.J. July 31, 2023).  Additionally, "in determining whether default judgment is proper, the Court weighs three

factors: (1) prejudice to the party seeking default judgment if default is denied; (2) whether the party subject to default appears to have a meritorious defense; and (3) the culpability of the party subject to default." *Id*.

"Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *S.S. v. Collins*, Civil Action No. 23-0892 (KMW-AMD), 2024 U.S. Dist. LEXIS 135664, at *5 (D.N.J. July 31, 2024).

It is respectfully requested that a default judgment is warranted in the instant action.

### A.  Proof of Service

Defendant was personally served with a copy of the summons and complaint on September 16, 2024.  Since then, neither Defendant nor an attorney acting on his behalf has contacted our office or uploaded anything on the docket contesting service or the jurisdiction of this Court.

### B.  Evidence of Jurisdiction

Jurisdiction in the federal court is appropriate based on diversity jurisdiction because the amount in controversy in this case exceeds $75,000 and there is a complete diversity of citizenship as Plaintiff is a citizen of New Jersey and Defendant resides in the State of Pennsylvania.  Additionally, jurisdiction in the United States District Court District of New Jersey is appropriate because of Defendant's contacts with New Jersey, specifically because he directed his activities at a New Jersey resident when he uploaded her intimate videos online and then messaged her to show her what he had done. *See S.S., supra* ("Plaintiff asserts that jurisdiction in this District "is appropriate because of Defendant's contacts with New Jersey,

specifically because she persistently directed her activities at New Jersey residents, including Plaintiff, his employers, his family, and his girlfriend." Plaintiff's Brief ("Pl.'s Br.") at 6. Because Plaintiff's claims arise out of Defendant's activities, this Court's exercise of specific jurisdiction over Defendant is reasonable and fair ").

### C.  Plaintiff has Properly Pleaded Several Causes of Action

Plaintiff's Complaint properly pleads two causes of action for the nonconsensual dissemination of his intimate content under state and federal law.  However, Plaintiff withdraws here claim under the state law and will only proceed with a claim under to 15 U.S.C. §6851.

Plaintiff has a cause of action pursuant to 15 U.S.C. §6851 because she is:

> an individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure…

As detailed in the Civil Action Relating to Disclosure of Intimate Images ("CARDII"), an "intimate visual depiction" is any photo, video, or other visual image, that depicts, (1) the uncovered genitals or pubic area or (2) the display or transfer of bodily sexual fluids, including an identifiable individual engaging in "sexually explicit conduct." *15 U.S.C. § 6851(a)(5)*. "Sexually explicit conduct" includes "graphic or simulated lascivious exhibition of the anus, genitals, or pubic area of any person."*18 U.S.C. § 2256(2)(A)-(B)*. The complaint alleges three intimate visual depictions were shared by the Defendant:

> The first intimate visual depiction of Plaintiff was a video that showed her full face as she performed fellatio on a man. The second intimate visual depiction of Plaintiff, entitled "Shower time[,]" was a video of Plaintiff nude in the shower. The third intimate visual depiction was another video of Plaintiff performing fellatio.
> Complt. ¶15.

Plaintiff has therefore sufficiently alleged the first element of CARDII. Next, a plaintiff must allege the defendant "disclosed" the "intimate visual depiction. *See S.S., supra.* To satisfy this element, the disclosure must be "in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce". *15 U.S.C. § 6851(b)(1)(A)*. The complaint alleges "Green disclosed the videos of Plaintiff using his cell phone/computer" (Complt. ¶20) and published the viodes online (Complt. ¶14). Posting images online "constitutes transportation in interstate commerce." *S.S., supra.*

The last element is consent. As detailed in the attached declaration of Plaintiff, she never gave Defendant permission to share her intimate images and yet did so on multiple occasions.

### D. The Default Judgment Factors Weigh in Favor of the Judgment

Defendant seems content to simply ignore and/or avoid this matter in perpetuity. Plaintiff is prejudiced by the continued delay in Defendant filing an answer. More so, Defendant does not have a meritorious defense. "A meritorious defense is one which 'if established at trial, would completely bar a plaintiff's recovery.'" *W. Trenton Hardware, LLC v. Brook. Textiles, LLC*, Civil Action No. 21-17662 (GC) (TJB), 2024 U.S. Dist. LEXIS 171030, at *15 (D.N.J. Sep. 23, 2024). There is no evidence Defendant has presented in discovery, or could ever set forth at trial, that would show Plaintiff gave Defendant her consent to upload her intimate videos online. A defendant is presumed culpable where they have failed to answer, move, or otherwise respond." *Wilton Reassurance Life Co. of N.Y., supra.*

### E. Damages are Quantifiable and Plaintiff Requests the Liquidated Damages Pursuant to 15 U.S.C.S. § 6851(b)(3)(A)(i)

7

CARDII contains a liquidated damages section that permits "an individual may recover the actual damages sustained by the individual or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred*[.]" 15 U.S.C.S. § 6851(b)(3)(A)(i)*.

Having established the necessary elements of a claim under CARDII, Plaintiff requests a judgment in the amount $150,000, and the cost of the action, including reasonable attorney's fees.

## **<u>CONCLUSION</u>**

Whereas, a default should be entered, and plaintiff should be awarded a judgment in the amount of $150,000 plus $7,000 in attorney fees and $726.29 in costs, together with such further and other relief this court deems just and proper.

Dated:      October 29, 2024
              New York, New York

                                        *Daniel S. Szalkiewicz, Esq.*
                                        Daniel S. Szalkiewicz, Esq.