NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAIYA WEBBS,<br><br>    Plaintiff,<br><br>v.<br><br>BRANDON ELLIOT GREEN,<br><br>    Defendant. | Civil Action No.: 2:24-7763<br><br>**ORDER & JUDGMENT** |

**CECCHI, District Judge.**

  Currently before this court is plaintiff Jaiya Webbs's ("Plaintiff") motion to enter default judgment against defendant Elliot Green ("Defendant"). ECF No. 5. As part of that motion, Plaintiff also seeks reasonable attorney's fees and litigation costs. *Id.* Defendant has not appeared in this case or otherwise responded to the motion. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Plaintiff's motion is **GRANTED.**

  **WHEREAS** after Plaintiff ended her romantic relationship with Defendant, he retaliated by posting three intimate videos of her online without her permission. Complaint ¶¶ 10-18. Defendant posted these videos on the social media platform Reddit and then posted the link to them on his X account, where he knew that some of Plaintiff's family and friends would see the link because they followed his X account. *See id*; *see also* ECF 5-2 ¶ 7.

  **WHEREAS** Defendant was personally served with a copy of the summons and complaint on September 16, 2024. ECF No. 3. Since then, neither Defendant nor an attorney acting on his behalf has contacted Plaintiff's counsel or filed anything on the docket contesting service or the jurisdiction of the Court. ECF No. 5-5 at 5.

**WHEREAS** Federal Rule of Civil Procedure 55 authorizes a district court to enter a default judgment against a defendant who has been properly served and has failed to answer or respond to the pleadings. Obtaining a default judgment is a two-step process. First, when a party has failed to plead or otherwise defend, the clerk must enter that party's default. Fed. R. Civ. P. 55(a). Once the Clerk enters default, a plaintiff may move for a default judgment. Fed. R. Civ. P. 55(b). Here, the Clerk entered default on October 10, 2024, ECF No. 4, so the Court will address Plaintiff's motion on the merits.

**WHEREAS** "[b]efore entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *The Prudential Ins. Co. of Am. v. Bramlett*, No. 08-cv-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010). Then, "the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper[.]" *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (citations omitted). In making these determinations, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

**WHEREAS** as an initial matter, the Court must "look into its jurisdiction both over the subject matter and the parties." *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 05-cv-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008) (citation omitted). Diversity subject matter jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a). Here, the Court has diversity subject matter jurisdiction because Plaintiff is a citizen of New Jersey and Defendant resides in

2

the State of Pennsylvania. *See* Complaint ¶¶ 5-6. Further, Plaintiff seeks more than $75,000 in damages. *See* ECF No. 5-5 at 7-8 (seeking $150,000 in damages). Alternatively, federal question subject matter jurisdiction exists because the sole remaining claim at issue is a federal cause of action pursuant to 15 U.S.C. § 6851.[1] The Court also has personal jurisdiction over the Default Defendant. Here, Defendant has sufficient contacts with the state of New Jersey because he directed his activities at a New Jersey resident by directly messaging her to taunt her with links to the intimate videos of her he had posted on Reddit. "Because Plaintiff's claims arise out of Defendant's activities, this Court's exercise of specific jurisdiction over Defendant is reasonable and fair." *S.S. v. Collins*, No. 23-cv-0892, 2024 WL 3594350, at *5 (D.N.J. July 31, 2024).

**WHEREAS** the Court next finds that Plaintiff has clearly established a claim under 15 U.S.C. § 6851. As part of the Violence Against Women Act Reauthorization of 2022, Congress established a federal cause of action for the disclosure of persons' "intimate visual depictions" without their consent under 15 U.S.C. § 6851. The statute provides, in pertinent part:

> an individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure.

15 U.S.C. § 6851. An "intimate visual depiction" is any photo, video, or other visual image, that depicts, (1) the uncovered genitals or pubic area or (2) the display or transfer of bodily sexual

---

[1] Although Plaintiff included several state law claims in her complaint, she withdrew those when moving for default judgment; only the Section 6851 federal claim remains. *See* ECF No. 5-5 at 6 ("Plaintiff withdraws her[] claim under the state law and will only proceed with a claim under [] 15 U.S.C. §6851.").

3

fluids, including an identifiable individual engaging in "sexually explicit conduct." 15 U.S.C. § 6851(a)(5). "Sexually explicit conduct" includes "graphic or simulated lascivious exhibition of the anus, genitals, or pubic area of any person," and "sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex." 18 U.S.C. § 2256(2)(A)-(B). Here the three videos were "intimate visual depictions" given that two of the videos depicted Plaintiff "perform[ing] fellatio on a man," and the other depicted Plaintiff "nude in the shower." Complaint ¶ 15. Next, a plaintiff must allege the defendant "disclosed" the "intimate visual depiction." *S.S. v. Collins*, 2024 WL 3594350, at *5. To satisfy this element, the disclosure must be "in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce." 15 U.S.C. § 6851(b)(1)(A). The complaint alleges "Defendant Green disclosed the videos of Plaintiff using his cell phone/computer" and published the videos online. Complaint ¶¶ 14, 20. Posting images online "constitutes transportation in interstate commerce." *S.S. v. Collins*, 2024 WL 3594350, at *5. The last element Plaintiff must establish is consent. *Id*. at *6. Plaintiff's complaint and sworn declaration establish that she never gave Defendant permission to share her intimate images. *See* Complaint ¶ 21, *see also* ECF No. 5-2 ¶ 6.

**WHEREAS** three factors govern whether default judgment is proper: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). First, the Court finds that Plaintiff will suffer prejudice without default judgment as she will have "no alternative mean of vindicating [her] claim[] other than filing for a default judgment." *West Trenton Hardware, LLC v. Brooklyn Textiles, LLC*, 2024 WL 4263209, at *7 (D.N.J. Sept. 23, 2024) ("When a defendant fails to respond to a plaintiff's claims, the plaintiff

will be prejudiced absent a default judgment because the plaintiff will be left with no other means to vindicate its claims.") (internal quotations and citations omitted). Second, "the Court was unable to ascertain whether [Defendant] has any litigable defenses," "because [he] has not answered or otherwise appeared in this action." *Prudential Ins. Co. of Am. v. Taylor*, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009). Finally, Defendant's delay appears to be the result of culpable conduct considering Plaintiff effected service on October 10, 2024, but Defendant has yet to appear or otherwise respond. ECF No. 3-4; *see also York Int'l Corp. v. York HVAC Sys. Corp.*, 2010 WL 1492851 (D.N.J. Apr. 14, 2010) (holding that failure to respond is culpable conduct and indicates no meritorious defense). Accordingly, in light of these factors, the Court finds the entry of default judgment to be appropriate.

**WHEREAS** Plaintiff requests and is entitled to liquidated damages in the amount of $150,000 pursuant to 15 U.S.C. Section 6851(b)(3)(A)(i). Under this provision, Plaintiff "may recover" either "the actual damages sustained" or "liquidated damages in the amount of $150,000." 15 U.S.C. § 6851(b)(3)(A)(i). Here, Plaintiff has elected not to pursue actual damages and instead seeks the $150,000 in liquidated damages. *See* ECF No. 5-5 at 7-8 ("Plaintiff [r]equests the [l]iquidated [d]amages. . . .").

**WHEREAS** Plaintiff also seeks attorney's fees in the amount of $7,000 for 14 hours worked. *Id*. at 8; *see also* ECF No. 5-1 ¶¶ 29-33. In addition to actual or liquidated damages, Plaintiff may recover "reasonable attorney's fees and other litigation costs reasonably incurred." 15 U.S.C. § 6851(b)(3)(A)(i). Here, the Court finds that the rates charged by Plaintiff's counsel of $500 per hour are reasonable when compared to the rates charged in other cases with similar circumstances. The amount of hours worked by Plaintiff's counsel is also reasonable for the work performed in this case given the issues presented. Accordingly, the Court finds that an award of

attorney's fees for the entire 14 hours worked by Plaintiff's counsel is reasonable here. The Court also grants Plaintiff's request for $726.29 in litigation costs as those were properly documented and reasonably incurred. ECF No. 5-1, Exhibit 2.

**WHEREAS**, for the aforementioned reasons, the Court shall grant Plaintiff's motion for default judgment and grant Plaintiff's request for attorney's fees and costs.

Accordingly, **IT IS** on this 13th day of May, 2025,

**ORDERED** that Plaintiff's motion for default judgment (ECF No. 5) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's request for attorney's fees and costs (ECF No. 5-5 at 7-8) is **GRANTED**; and it is further

**ORDERED** that judgment is hereby entered in favor of Plaintiff Jaiya Webbs against Defendant Brandon Elliott Green in the total amount of $157.726.29, which consists of $150,000 in damages, $7,000 in attorney's fees, and $726.29 in litigation costs; and it is further

**ORDERED** that the Clerk of Court shall mark this matter **CLOSED.**

**SO ORDERED.**

/s/ Claire C. Cecchi
**CLAIRE C. CECCHI, U.S.D.J.**